BEFORE THE

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

\* \* \* \* \* \* \*

| | |
|---|---|
| **In Re:** ) | |
| ) | **MDL Docket No.** |
| **Stericycle Pricing Class Action Litigation** ) | |
| ) | |

_____

**BRIEF IN SUPPORT OF DEFENDANT STERICYCLE,
INC.'S MOTION FOR CONSOLIDATION AND TRANSFER
TO THE EASTERN DIVISION OF THE NORTHERN
DISTRICT OF ILLINOIS**
_____

Defendant Stericycle, Inc. ("Defendant" or "Stericycle"), through undersigned counsel, submits the following brief in support of its motion for consolidation under 28 U.S.C. section 1407 and for transfer to the Eastern Division of the Northern District of Illinois in Chicago, Illinois.

**SUMMARY OF BRIEF**

The four actions identified below should be coordinated or consolidated under 28 U.S.C. section 1407 in order to promote judicial economy and the efficient resolution of this related litigation. The actions should also be transferred to the Eastern Division of the Northern District

4831-4899-5091.2

of Illinois in Chicago, Illinois, because that is where one of the pending actions is filed, it is the closest location to the headquarters of Stericycle, and it is therefore where witnesses and documents are most likely to be found. In addition, Chicago is an accessible and convenient location, and the Northern District of Illinois has judges who are experienced in conducting multidistrict litigation proceedings.

## PROCEDURAL AND FACTUAL BACKGROUND

In the past month, four closely related class action cases have been filed against one common defendant—Stericycle—in four different jurisdictions. All four cases contain similar allegations that Stericycle charged its customers impermissible fees and/or price increases in violation of its standard contract with consumers and in violation of consumer protection laws. The four related suits are as follows:

1. *Cochranton Veterinary Hospital v. Stericycle, Inc.*, No. 13-71 (W.D. Pa.) (McLaughlin, J.), filed on March 8, 2013 ("*Cochranton*").

2. *Harry C. Midgley III v. Stericycle, Inc.*, No. 9:13-cv-80307-KLR (S.D. Fla. (Ryskamp, J.), filed on March 28, 2013 ("*Midgley*").

3. *Lyndon Veterinary Clinic, PLLC v. Stericycle, Inc.*, No. 1:13-cv-02499 (N.D. Ill.) (Shadur, J.) filed on April 3, 2013 ("*Lyndon*").

4. *Alavi v. Stericycle, Inc.*, No. 3:13-cv-00880-DMS-NLS (S.D. Cal.) (Sabraw, J.), filed in California state court on April 2, 2013 (Superior Court of California, County of San Diego, Case No. 37-2013-00042030-CU-BT-CTL), and removed to federal court on April 12, 2013 ("*Alavi*").

Each of these cases asserts a nationwide class action against Stericycle, with the class generally alleged to consist of all current and former Stericycle customers who had a standard contract with Stericycle and/or who were charged allegedly impermissible, automatic, excessive, and unauthorized price increases and/or fees. All four complaints rely on highly similar factual allegations. (*See* April 15, 2013 Declaration of Raymond J. Etcheverry ("Etcheverry Decl.") ¶¶

4831-4899-5091.2                                        2

11-12, filed concurrently herewith and attached hereto as **Exhibit A**.)  Specifically, all of the actions assert that Stericycle impermissibly increased charges for services under its "fixed price" Steri-Safe contract and/or charged impermissible fees, and by doing so (1) committed breach of contract and violated the covenant of good faith and fair dealing and (2) violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.  (Etcheverry Decl. ¶ 8.)  The *Cochranton* and *Lyndon* actions both also raise an unjust enrichment claim, the *Lyndon* and *Alavi* actions both raise additional common law fraud claims, and *Alavi* additionally raises a claim for violation of California Business and Professions Code sections 17200 and 17500.  However, all claims rely on the same allegations as those recited in support of the common claims.  (*Id.* ¶ 9.)

As of the date of filing this Motion and Brief, none of the four cases had progressed beyond the initial pleading stage.  In the first-filed action, *Cochranton*, the parties have stipulated that Stericycle may have an extension to answer or otherwise respond to the Complaint until May 3, 2013.  While Plaintiffs have filed a motion for class certification in *Cochranton*, briefing on class certification issues has been stayed by the district court until resolution of any motion to dismiss or other responsive pleading.  (Etcheverry Decl. ¶ 4.)  Nothing has occurred in *Midgley* or *Lyndon* aside from filing and service of the Complaint, and Stericycle has secured an extension until May 24, 2013, to answer or otherwise respond to the *Midgley* and *Lyndon* complaints.  (*Id.* ¶ 4.)  The *Alavi* complaint has not yet been served on Stericycle.  On April 12, 2013, Stericycle removed the *Alavi* case from state court to the Southern District of California.  (*Id*.)  Discovery has not begun in any of the cases.  (*Id.* ¶ 5.)

**ARGUMENT**

**I.    Consolidation of the Actions Will Promote the Efficient Resolution of the Litigation and Eliminate the Potential for Duplicative Discovery and Inconsistent Pretrial Rulings and Class Determinations.**

The four cases identified above should be consolidated to promote judicial economy and efficient litigation. The statutory reasons for consolidating cases are to advance "the convenience of parties and witnesses" and to promote the "just and efficient conduct" of the actions. *See* 28 U.S.C. § 1407. Consolidation is appropriate to eliminate the possibility of inconsistent pretrial rulings and, in particular, class certification determinations. *See In re Battlefield Waste Disposal Litig.*, 655 F. Supp. 2d 1374, 1375 (J.P.M.L. 2009) ("Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary."); *In re Iraq & Afghanistan Detainees Litig.*, 374 F. Supp. 2d 1356, 1356 (J.P.M.L. 2005) (same); *In re U-Haul Int'l, Inc.*, 249 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003) (same).

Here, consolidation is appropriate because the actions involve complex common questions of fact,[1] namely, whether Stericycle imposed increases and/or charged fees that were not allowable by contract or were in violation of consumer protection statutes. (Etcheverry Decl. ¶ 10.) All four complaints involve allegations related to the same form of contract—Stericycle's "Steri-Safe" contract—and allege that the price increases and/or fees were not tied to operational cost escalation, as allegedly required by section 2(b) of the Steri-Safe contract, and that Stericycle failed to disclose to its customers that it engaged in automatic price increases. (*Id.*) In

---

[1] While Stericycle disputes each and every factual allegation recited in the complaints described in this Brief, it recites them here nonetheless to demonstrate the similarities among the actions.

addition, all four complaints recite allegations from a pending qui tam action filed by relator Jennifer D. Perez as Case No. 08CV2390 in the United States District Court for the Northern District of Illinois related to the same subject matter. (*Id.* ¶ 11.) Accordingly, the discovery sought by the various plaintiffs will substantially overlap.

Moreover, the cases involve nearly identical legal questions and, as described, cite violations of the same statute, the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq.* Without consolidation, courts in each jurisdiction will have to determine identical issues. These issues include whether the class meets the requirements for certification, whether Stericycle's alleged practice of charging automatic price increases and/or other fees constitutes an impermissible business practice, whether Stericycle breached its Steri-Safe contract, particularly section 2(b), by allegedly charging automatic price increases and fees, and whether Stericylce violated the Illinois Consumer Fraud and Deceptive Practices Act, and the injury and damage to the plaintiffs. (*Id.* ¶ 15.) Moreover, the plaintiffs all seek similar judicial remedies, including an order of class certification, compensatory and punitive damages, restitution, and injunctive relief. (*Id.* ¶ 16.) Requiring the cases to go forward separately would not only be an inefficient use of judicial resources, but would risk conflicting decisions, particularly with regard to the issue of class certification.

Additionally, the parties in all of the pending cases are substantially similar. The complaints at issue seek certification of a similarly defined class, which is essentially all persons and entities who had or have a Steri-Safe contract with Stericycle and who were allegedly charged automated price increases and/or impermissible fees and surcharges. The sole Defendant in all four of the actions is Stericycle. (*Id.* ¶¶ 13-14.) Given the significant factual

and legal overlap between the cases, consolidation of the actions is necessary to eliminate duplicative and potentially conflicting efforts by the parties, witnesses, and courts.

**II.     Transfer to the Northern District of Illinois, Eastern Division, Would Best Serve the Convenience of the Parties and Witnesses and Promote the Just and Efficient Conduct of the Litigation.**

As between the various districts in which related actions are now pending, the Northern District of Illinois, Eastern Division, in Chicago, Illinois, is the best forum for consolidated proceedings. Pretrial proceedings in the related actions are no further advanced in one district than any other, nor is there any indication that one particular court is better acquainted than any other with the issues involved in the litigation.

**A.     Illinois Is Presumably the Location of Many Relevant Witnesses and Documents.**

Although no potential transferee forum is completely convenient to all of the parties and witnesses, the Northern District of Illinois is the location of many crucial documents and witnesses. The Judicial Panel consistently has recognized the importance of the location of the parties, the witnesses, and relevant documents in selecting a transferee forum. For example, in *In re Comcast Corporation Peer-To-Peer (P2P) Transmission Contract Litigation*, 588 F. Supp. 2d 1381 (J.P.M.L. 2008), the Panel transferred six actions to a forum in which one related action was pending because the Defendant's principal place of business was there, as were relevant documents and witnesses. *Id.* at 1382; *see also In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 528 F. Supp. 2d 1339, 1342 (J.P.M.L. 2007) ("We are also persuaded that the Eastern District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation [because the] principal place of business is located in that district, and thus many witnesses and documents relevant to the litigation are likely to be found there."); *In re Park W. Galleries, Inc., Mktg. & Sales Practices Litig.*, 655 F. Supp. 2d 1378, 1378 (J.P.M.L. 2009) ("[T]ransfer of these actions . . . will serve the convenience of the parties and witnesses and

promote the just and efficient conduct of the litigation."); *In re Sunstrand Data Control, Inc. Patent Litig.*, 443 F. Supp. 1019, 1021 (J.P.M.L. 1978) (transferring five actions to a forum where no related action was pending because the principal place of business, witnesses, and documents were there).

Stericycle maintains its headquarters near Chicago, Illinois, and anticipates that most of its witnesses and documents are located in Illinois. (Etcheverry Decl. at ¶ 19.) Relevant documents, including Stericycle's records pertaining to its standard contracts and operational costs, are located in or near Chicago. (*Id.*) Similarly, witnesses from Stericycle involved in the pricing practices of Stericycle that are the subject of the four complaints are located near Chicago, Illinois. (*Id.*) Moreover, under the circumstances presented here, no other forum offers more than the Northern District of Illinois in terms of centering the litigation where the parties, witnesses, and documents are located. The bulk of Stericycle's documents are in Illinois, not Pennsylvania, Florida, or California. (*Id.*) Stericycle, the one named Defendant, favors transfer of these actions to the Northern District of Illinois. Presumably, the plaintiff who has filed suit in the Northern District of Illinois in the *Lyndon* action also favors the Northern District of Illinois, Eastern Division, as the appropriate forum for this litigation.

In addition, all four complaints rely on allegations in a separate, pending qui tam action already filed in the United States District Court for the Northern District of Illinois related to the same subject matter. Therefore, discovery and proceedings on these issues will already be taking place in this District with respect to similar allegations as those alleged in the four class action complaints. (*Id.* ¶ 20.) Therefore, for all of these reasons, the centralized proceedings should be transferred to the Northern District of Illinois, in Chicago.

B.   Chicago Is a Convenient and Accessible Location for Conducting the Coordinated or Consolidated Pretrial Proceedings.

In addition to its other practical advantages, Chicago is also a convenient and accessible location, much more so than California, Florida, or Pennsylvania. The convenience and accessibility of one forum over another is an important factor where no particular location is the sole focus of the multidistrict litigation. Indeed, in *In re Biomet M2a Magnum Hip Implant Products Liability Litigation*, MDL No. 2391, 2012 WL 4753360 (Oct. 2, 2012 J.P.M.L.), the Panel cited the relatively accessible and geographically central location of as grounds for transferring product liability litigation to the Northern District of Indiana, even though no party suggested or filed a case in that district. *Id.* at *2; *see also In re McDonald's French Fries Litig.*, 444 F. Supp. 2d 1342, 1343 (J.P.M.L. 2006) ("[G]iven the geographic dispersal of the constituent actions, the Northern District of Illinois offers a relatively geographically central and accessible forum for this litigation."); *In re Aftermarket Filters Antitrust Litig.*, 572 F. Supp. 2d 1373, 1374 (J.P.M.L. 2008) (stating that considerations of convenience and accessibility favored transfer); *In re Simply Orange Orange Juice Mktg. & Sales Practices Litig.*, 867 F. Supp. 2d 1344, 1345 (J.P.M.L. 2012) (transferring to Missouri because it "is located in a geographically central location accessible to the parties ranging from California to Florida"). The Northern District of Illinois is a convenient and accessible forum. Non-stop flights connect Chicago with most major cities in the United States. (Etcheverry Decl. ¶ 21.) The Pennsylvania, California, and Florida plaintiffs would not have any difficulty accessing the Northern District of Illinois for purposes of courtroom proceedings or discovery. Moreover, the weighted caseload for judges in the Northern District of Illinois is less than the caseload of judges in the Southern District of California and the Southern District of Florida, two of the other districts with pending related

cases.[2]  In addition, the Northern District of Illinois has judges who are experienced in handling complex litigation and multidistrict litigation proceedings.  (*Id.* ¶ 22.)  For all of the foregoing reasons, Stericycle respectfully requests that the Panel grant its motion.

## CONCLUSION

For the reasons stated above, the referenced actions should be coordinated or consolidated.  Moreover, the consolidated actions should be transferred to the Northern District of Illinois, Eastern Division, in Chicago, Illinois, for the centralized proceedings.

DATED this 15th day of April, 2013.

PARSONS BEHLE & LATIMER

/s/ Nicole G. Farrell
Raymond J. Etcheverry
Mark A. Glick
Cory D. Sinclair
Nicole G. Farrell
201 South Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone (801) 532-1234
Facsimile (801) 536-6111

Attorneys for Defendant Stericycle, Inc.

---

[2] According to the 2012 Federal Court Management Statistics for District Courts, as of September 2012, Northern District of Illinois district court judges had 531 weighted filings per judge, while their counterparts in the Southern District of Florida had 639 and their counterparts in the Southern District of California had 602.  Of the relevant districts of the cases at issue in this Motion, only the Western District of Pennsylvania had a lower per-judge weighted filing number, at 329.  *See* http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2012.aspx.  The "weighted" component of the numbers accounts for the different amounts of time judges require to resolve various types of civil and criminal actions.  *Id.*  Given the other factors supporting convenience and the location of evidence, the Northern District of Illinois is nonetheless preferable to the Western District of Pennsylvania.

Raymond J. Etcheverry
Mark A. Glick
Cory D. Sinclair
Nicole G. Farrell
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Email: retcheverry@parsonsbehle.com
mglick@parsonsbehle.com
csinclair@parsonsbehle.com
nfarrell@parsonsbehle.com

*Counsel for Defendant Stericycle, Inc.*